UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY G. PETRELLO and CYNTHIA
A. PETRELLO,

       Plaintiffs,      **MEMORANDUM & ORDER**

   - against -        01-CV-3082 (DRH) (MLO)

JOHN C. WHITE, JR., WHITE INVESTMENT
REALTY, LP.,

       Defendants.
----------------------------------X
A P P E A R A N C E S :

**BERG & ANDROPHY**
Attorneys for Plaintiffs
230 Park Avenue, Suite 1000
New York, New York 10169
By: David H. Berg, Esq.

**ESSEKS, HEFTER & ANGEL, LLP**
Attorneys for Plaintiffs
108 East Main Street
riverhead, New York 11901
By: Nica B. Strunk, Esq.

**McDERMOTT WILL & EMERY LLP**
Attorneys for Defendants
340 Madison Avenue
New York, New York 10173
By: Daniel N. Jocelyn, Esq.
   Banks Brown, Esq.
   Monica Asher, Esq.

**HURLEY, Senior District Judge:**

   This case centers around an August 25, 1998 contract of sale (the "Contract") for 9.56 acres of waterfront property located in Sagaponeck, New York (referred to as lots 4, 5, and 6). In a Bench Decision issued on October 29, 2009, familiarity with which is presumed, the Court rejected Defendants' contention that under the terms of the Contract Mr. White had the right to

farm the land during his lifetime after the property had been transferred to the Petrellos. Presently before the Court is Defendants' motion for reconsideration of that bench decision. The motion is denied.

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

According to Defendants, reconsideration should be granted because the Court found a "conflict" between paragraph 16(e), which is in the printed portion of the Contract, and paragraph 33(10), which is in the Rider to the Contract and "resolved that conflict by finding that

paragraph 16 of the Contract prevailed over paragraph 33(10)" but "overlooked" that paragraph 29 requires conflicts between the printed portion of the Contract and the Rider to be resolved in favor of the Rider.

Contrary to Defendants' assertion, the Court did not overlook paragraph 29. Rather, consistent with legal principles, the Court construed paragraph 33(10) and 16(e) in manner so they did not conflict. More specifically, it construed paragraph 33(10), which does not specify that it survived the closing, as permitting farming only prior to closing, thus avoiding any conflict between paragraph 33(10) and 16(e).

The motion for reconsideration is denied.

Dated: Central Islip, New York
December 23, 2009         /s/                                
                          Denis R. Hurley
                          United States Senior District Judge