UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ANTHONY G. PETRELLO and
CYNTHIA A. PETRELLO,

                              plaintiffs,            **ORDER**
                                                                                 **01 CV 3082 (DRH)(AKT)**

        -against-

JOHN C. WHITE, JR. and
WHITE INVESTMENT REALTY, LP,

                             defendants.
-------------------------------------------------------X

**APPEARANCES:**

**Esseks Hefter & Angel, LLP**
Attorneys for Plaintiffs
108 East Main Street
Riverhead, NY 11901
By:    Nica B. Strunk

**Berg & Androphy**
Attorneys for Plaintiffs
230 Park Avenue, Suite 1000
New York, NY 10169

**McDermott, Will & Emery, LLP**
Attorneys for Defendants
340 Madison Avenue
New York, NY 10173
By:    Daniel N. Jocelyn
         Monica S. Asher

**HURLEY, Senior District Judge**:

       Plaintiffs, Anthony and Cynthia Petrello, object to the Report and Recommendation ("Report") of Magistrate Judge A. Kathleen Tomlinson, which recommends that plaintiffs' motion for leave to amend the pleadings be granted in part and denied in part. (*See* docket nos. 375, 381, 384.) For the reasons stated below, the objections are overruled, and the Report is adopted *in toto*.

       Plaintiffs' underlying motion represents one of the latest chapters in this decade-old action pertaining to property located in Sagaponack, New York. The details of the dispute are

recounted in numerous Orders issued by this Court throughout the course of litigation, and the facts relevant to the instant motion are thoroughly encapsulated in Judge Tomlinson's Report. Familiarity with the factual and procedural history of this action is therefore assumed for present purposes.

Plaintiffs' instant motion seeks leave to file a Second Supplemental and Amended Complaint ("Second Amended Complaint" or "SAC"), which principally adds or supplements claims for specific performance related to plaintiffs' alleged right of first refusal on the subject property. The SAC also claims new claims pertaining to defendants' delay in closing the sale, which finally occurred on July 8, 2010.

In her Report, Judge Tomlinson recommends that leave be granted (1) to seek damages for the lost rental value on Lots 5 and 6 "only with respect to the existing residences on such lots at the time closing occurred," (2) to amend the caption to reflect the proper name of the defendant partnership, and (3) to amplify the factual support for claims alleged in the First Amended Complaint. The Report recommends denying plaintiffs' motion to seek (1) specific performance and damages arising from alleged breaches of the right of first refusal on Lots 2, 7, and the Agricultural Reserve, and (2) damages related to construction costs and the diminution of property value as a result of changes to local regulations. Finally, the Report recommends denying plaintiffs leave to seek attorney's fees incurred in their efforts to close title to Lots 4, 5, and 6. Plaintiffs object to all portions of the Report that recommend denying leave to amend, as well as to the standard of review employed by Judge Tomlinson.

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a *de novo* determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. of Civ. P. 72(b). Accordingly, the Court applies *de novo* review to those portions of the Report to which objections were raised. *See id.* The Court reviews those portions to which no objections have been filed for

2

clear error. *See, e.g., Kenneth Jay Lane, Inc. v. Heavenly, Apparel Inc.*, No. 03 CV 2132, 2006 U.S. Dist. LEXIS 23462 (S.D.N.Y. Mar. 21, 2006).

The Court has carefully reviewed the Report, plaintiffs' objections, defendants' subsequent response, as well as the underlying motion papers. The Court hereby adopts the Report in full, and rejects plaintiffs' objections based primarily on the cited authorities and articulated rationale of Judge Tomlinson's well reasoned Report. As a matter of clarification, the Court will, however, briefly address two of the issues raised in plaintiffs' objections below.

First, plaintiffs mischaracterize Judge Tomlinson's Report as denying plaintiffs leave to plead a claim for damages for increased construction costs because plaintiffs' "*proof* was too speculative and immeasurable without even giving Plaintiffs the opportunity to present it." (Pls.' Obj. at 11.) However, as is evident from a perusal of the cases cited by Judge Tomlinson on this matter, the denial of the Petrello's request to seek increased construction costs, like in the cited cases, was made not because the costs were too speculative as a matter of evidence, but because the planned improvements were too speculative to read liability for such costs into the parties' contracts. *See Cross Properties*, 76 A.D.2d at 455 ("The first of these is for increased costs of construction of planned improvements. This item of increased costs of improvements does not have that ring of clear predictability of consequence for which an unsuccessful good faith litigant should ordinarily be held responsible." (quoting *Regan v. Lanze*, 47 A.D.2d 378, 383 (4th Dep't 1975), rev'd on other grounds by 40 N.Y.2d 475, 354 N.E.2d 818 (1976))); *see also id.* ("The difference between *Yonan* [*v. Oak Park Fed. Sav. & Loan Assn.*, 27 Ill. App. 3d 967 (Ill. App. Ct. 1st Dist. 1975)] and this case is patent: in the matter at bar [defendant's] contractual obligation to redevelop is nebulous, whereas Oak Park's obligation was clearly spelled out within the four corners of the instrument."); *cf. Freidus v. Eisenberg*, 123 A.D.2d 174, 181 (2d Dep't 1986)(reversing judgment for insufficient proof regarding damages for the increased construction

3

costs for a road that was "required" to be built under the contract for sale).[1] Judge Tomlinson therefore did not recommend denying plaintiffs' claim here because plaintiffs had failed to allege sufficient evidence, but rather because the claim would be futile as a matter of law.

Second, plaintiffs argue that Judge Tomlinson "conflated the standards for pleading a claim and the standards for pleading damages." (Pls.' Obj. at 2.) Here, plaintiffs assert that liability on their breach of contract has already been established through summary judgment and that the allegations at issue merely specified "the extent of the relief to which Plaintiffs are entitled in addition to specific performance." (*Id.* at 3.) However, the issue here is not the type or amount of damages sought by plaintiffs, but whether they are entitled to such relief as a matter of law. Nowhere in the Court's prior Orders were defendants held liable for the lost rental or property value or construction costs arising out of the delay in closing the sale. Simply put, the subject allegations are not demands for relief, as plaintiffs suggest, but an articulation of the legal claims undergirding their request for damages. The "futility" standard applied by Judge Tomlinson was therefore correct.

For the foregoing reasons, plaintiffs' objections are denied and the Report and Recommendation of Judge Tomlinson (docket no. 381) is hereby adopted in its entirety as if set forth herein. Accordingly, leave to amend is granted to plaintiffs (1) to seek damages for the lost rental value on Lots 5 and 6 "only with respect to the existing residences on such lots at the time closing occurred," (2) to amend the caption to reflect the proper name of the defendant partnership, and (3) to amplify the factual support for claims alleged in the First Amended Complaint.

SO ORDERED.

Dated: Central Islip, N.Y.  /s
       September 30, 2011  Denis R. Hurley
                                                               United States District Judge

---

[1] The obligation to construct the road in that case was contemplated by the parties in the contract of sale in order to preserve and easement and right of way. *See Todem Homes, Inc. v. Freidus*, 374 N.Y.S.2d 923, 927-28 (N.Y. Sup. Ct. 1975).